IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD STUCKEY, | : | CIVIL ACTION NO. **4:CV-05-2354** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| TODD A. ROSS, et al., | : | |
| Defendants | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

Plaintiff, Reginald Stuckey, an inmate at the York County Prison, York, Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2005. (Doc. 1).[1]  The Plaintiff also filed an application for leave to proceed *in forma pauperis* (Doc. 2). We preliminary screened the Complaint.

Since the Complaint did not specify any conduct, wrongful or otherwise, of the named Defendants (Doc. 1, p. 2), *i.e.* Defendants Todd A. Ross, Police Officer, York City Police Department, and Officer Hansel, York City Police Department, on November 18, 2005, we issued an Order directing Plaintiff to file an amended complaint. (Doc. 6). On December 5, 2005, Plaintiff filed his Amended Complaint. (Doc. 7). We now screen Plaintiff's amended pleading.

---

[1] Plaintiff is not complaining about prison conditions during his incarceration at York County Prison. Rather, he complains about excessive police force used during his arrest which resulted in his confinement.

As stated, the Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Prison Litigation Reform Act of 1995,[2] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[3] Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

In reviewing the Complaint under 28 U.S.C. §1915(e)(2)(B), we have determined that the Plaintiff is unable to maintain this action as against one of the named Defendants, i.e. York City Police Department ("YCPD").

**II. Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured

---

[2] Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

[3] The Plaintiff completed an application to proceed *in forma pauperis* and authorization to have funds deducted from his prison accounts. The court then issued an administrative order directing the warden to commence deduction of the full filing fee due the court from the Plaintiff's prison trust fund account. (Docs. 3 and 4).

by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[4] *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa.).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement
> in the alleged wrongs . . . . [P]ersonal involvement can be shown
> through allegations of personal direction or of actual knowledge and
> acquiescence. Allegations of participation or actual knowledge
> and acquiescence, however, must be made with appropriate
> particularity. (Citations omitted).

---

[4]Plaintiff alleges in his pleading that Defendants Ross and Hansel are police officers with YCPD. (Doc. 7, p. 2). This is sufficient to show that these Defendants were state actors. We also note that Plaintiff requests $200 million in damages against Defendants. (Id.).

A civil rights complaint must state time, place, and responsible persons. *Id*. With these principles in mind, Plaintiff's allegations with respect to the Defendants will be discussed.

### III. Allegations of the Complaint.

Plaintiff alleges excessive force was used by police officers Ross and Hansel of the York City Police Department during his arrest on September 6, 2005. *(See* attachment to Plaintiff's original Complaint (Doc. 1), unnumbered typed pages dated November 8, 2005, & Doc. 7, p. 2). Plaintiff avers in his Amended Complaint that, while Defendant Ross was taking him into custody on the stated date, "Ross repeatedly punched, kicked, kneed, elbowed and used an retractable baton on Plaintiff... ." Plaintiff also states that Defendant Hansel "is being sued in his individual and capacity (sic) even those (sic) both of the officers acted in concerted action each aiding one another in causing bodily injury to Plaintiff ... violating his 8 Amendment Rights." (Doc. 7, p. 2, Facts Section). Plaintiff claims that he still has visible scars on his body as a result of "being repeatedly beaten by the Defendants Officer Ross and Hansel." (*Id*.). Plaintiff claims that the conduct of Defendant officers "violated.. My 8 Amendment Rights."[5]

---

[5]In our Order of November 18, 2005, we indicated that  if Plaintiff is construed as asserting a § 1983 action for malicious prosecution, he  must show that underlying criminal charge was favorably terminated in his favor.  See  *Gilles v. Davis*, C.A. No. 04-2542, (3d Cir. 10-25-05), slip op. 23, 2005 WL. We also noted that even if Plaintiff was convicted of a criminal offense in York County,  his original claims against the Defendants that they charged him to cover up their  excessive force used on him would possibly be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which precludes a §1983 claim challenging a Plaintiff's conviction.  As the Third Circuit recently stated, "[u]nder *Heck*, a § 1983 action that impugns the validity of the Plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, C.A. No. 04-2542, (3d Cir. 10-25-05), slip op. 21.  Further, as noted above, *Heck* required that a Plaintiff asserting a malicious prosecution claim under § 1983 show that the previous criminal action terminated in his favor.  *Id.*, p. 23.

Plaintiff requests as relief $200 million in damages.

## IV. Discussion.

The doctrine of *respondeat superior* is not an acceptable basis for liability under Section 1983. *See Drummer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993); *Rizzo v. Goode*, 423 U.S. 367 (1976). Liability may only be based upon the Defendant's personal involvement in conduct amounting to a constitutional violation. *Sutton v. Rasheed*, 323 F. 3d 236, 249-250 (3d Cir. 2003). Plaintiff has now alleged Defendants Hansel's and Ross' personal involvement in alleged constitutional deprivations which is a requirement in a § 1983 case.

In his Amended Complaint, Plaintiff has properly alleged the conduct of each Defendant police officer with respect to his excessive force claim.[6] However, we do not find that the Eighth Amendment governs Plaintiff's instant claim. The Court in *Lesher v. Colwyn Bor.*, 2002 WL 31012959 *3 (E.D. Pa.), stated that "[i]n *Graham* [*v. Connor*, 490 U.S. 386 (1989)], the Supreme Court unequivocally decided that the Fourth Amendment governs claims that law enforcement officials used excessive force in the course of an arrest ... ." (*Citing Graham* at 395). The *Lesher* Court then found that its plaintiff's excessive force claim which arose as a result of an alleged police beating at plaintiff's home, was a Fourth Amendment claim since plaintiff was "seized" within the meaning of the Fourth Amendment. *Id*. The *Lesher* Court concluded that "Plaintiff's excessive

---

Plaintiff now makes clear in his amended pleading that he is pursuing only his excessive force claim against Defendants.

[6] In his original Complaint, Plaintiff did not allege with any specificity the personal involvement of each Defendant, and he did not state what each individual Defendant personally did to use excessive force on him during his arrest.

force claim against the Defendant officers must be analyzed under the 'reasonableness standard' of the Fourth Amendment... ." *See also Cherry v. Garner*, 2004 WL 3019241 *11-*12 (E.D. Pa.).

Therefore, while Plaintiff references the Eighth Amendment in his Amended Complaint, we find that he has plead a violation of the Fourth Amendment against Defendants Ross and Hansel. However, Plaintiff has not alleged a claim of municipal liability as against Defendant YCPD.

There is no municipal liability alleged against YCPD. In both of Plaintiff's pleadings, he failed to make any allegations against YCPD. Nor did Plaintiff directly state what YCPD did to violate his civil rights. (Docs. 1 & 7). In any event, the Amended Complaint's allegations are insufficient to establish a failure to train claim against YCPD, since the Plaintiff has failed to claim any policies or practices issued by YCPD which led to the alleged violation of his constitutional rights.

When a claim against a municipality or governmental entity such as YCPD is based on Section 1983, the entity can only be liable when the alleged constitutional violation implements or executes a policy, regulation or decision officially adopted by the governing body or informally adopted by custom. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018 (1978). A governmental custom for purposes of Section 1983 is defined as "such practices of state officials...[as are] so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id.* at 691. Custom can be shown by evidence of knowledge and acquiescence by high-level policy-makers. *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989). The court must then inquire "whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). The policy must be the "moving force" behind the constitutional violation. *Cornfield v. Consolidated*

*High Sch. Dist. No. 230*, 991 F.2d 1316 (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985) (plurality opinion)). Therefore, in this case, in order to claim a Section 1983 violation by YCPD, it would have to be alleged that the PD officials had knowledge of a pattern or practice of using excessive force during the arrests of its citizens and were aware of and tolerated similar force in the past. The Plaintiff has not made such an allegation against YCPD in the present case, nor has the Plaintiff alleged that YCPD had a policy of allowing excessive force to be used by its officers during the arrest of its citizens.[7]

"A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between the execution of the policy and injuries suffered." *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). The law is clear that liability will not be imposed under § 1983 on a *respondeat superior* or vicarious liability theory. *See Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991).

"Policy is made when a 'decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy or edict. A course of conduct is considered to be a 'custom' when, though not authorized by law, 'such practices of state officials [are] so permanent and well settled' as to virtually constitute law." *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (citations omitted).

---

[7]Specifically, Plaintiff does not claim that YCPD had any policy or practice of allowing its officers to use extreme force in effectuating an arrest.

The Court in *Stoneking v. Bradford Area School District*, 882 F.2d 720, 725 (3d Cir. 1989), held that liability for state officials can arise "from their policies maintained in deliberate indifference to action taken by their subordinates." According to *Stoneking*, "a plaintiff must do more than show the defendant could have averted her injury and failed to do so. In order to establish liability a plaintiff must demonstrate both that the defendant's policy, practice, or custom played an affirmative role in bringing about the [harm] and that the defendant acted with deliberate indifference to that [harm]. In order to establish deliberate indifference on the part of the defendant, 'something more culpable [must be shown] than a negligent failure to recognize [a] high risk of harm' to plaintiffs." *Id.; Black by Black v. Indiana Area School District*, 985 F.2d 707, 712-13 (3d Cir. 1993) (quoting *Colburn*, 946 F.2d at 1025).

Defendant YCPD is entitled to dismissal as a matter of law on the Plaintiff's § 1983 claim under a policy, practice, or custom theory of liability. The Plaintiff does not raise a single allegation that YCPD had an official policy or custom adopted by a final decision maker to allow its officers to use excessive force during the arrests of its citizens. Nor has Plaintiff claimed that YCPD was aware of such incidents in the past. Additionally, the Plaintiff has not alleged that YCPD acted with deliberate indifference to any harm of Plaintiff as a result of his alleged excessive force claim. Thus, the Plaintiff has not alleged any unconstitutional conduct which was the result of a policy, practice, or custom of YCPD within the meaning of § 1983. Since Plaintiff has already been given an opportunity to amend his pleading in order to state a claim against any Defendants, Defendant YCPD should be dismissed.

Therefore, it will be recommended that his action proceed with respect to the Fourth Amendment excessive force claim against Defendants Ross and Hansel, and that it be dismissed as against Defendant YCPD.

## V. RECOMMENDATION.

Based on the foregoing, we respectfully recommend that this action proceed with respect to the Fourth Amendment excessive force claim against Defendants Ross and Hansel, and that it be dismissed as against Defendant YCPD. It is also recommended that this case be remanded to the undersigned for further proceedings against the remaining Defendants.

**s/ Thomas M. Blewitt**  
**THOMAS M. BLEWITT**  
**United States Magistrate Judge**

**Dated: December 15, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD STUCKEY, | : | CIVIL ACTION NO. **4:CV-05-2354** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Blewitt) |
| TODD A. ROSS, et al., | : | |
| Defendants | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 15, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: December 15, 2005**