IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REGINALD STUCKEY, | : | |
| | : | Civil Action No. 4:CV-05-2354 |
| Plaintiff, | : | |
| | : | |
| v. | : | (Judge McClure) |
| | : | |
| YORK CITY POLICE | : | |
| DEPARTMENT, | : | (Magistrate Judge Blewitt) |
| OFFICER TODD A. ROSS, and | : | |
| OFFICER HANSEL, | : | |
| | : | |
| Defendants. | : | |

**O R D E R**

January 9, 2006

**BACKGROUND:**

On November 14, 2005, plaintiff Reginald Stuckey, an inmate at the York County Prison, York, Pennsylvania, filed a pro se civil rights action pursuant to 42 U.S.C. § 1983. Contemporaneously with the filing of his complaint, Stuckey filed an application to proceed in forma pauperis. An administrative order then issued directing the warden to commence deduction of the full filing fee due the court from Stuckey's prison trust fund account.

The matter was initially referred to United States Magistrate Judge Thomas M. Blewitt. On November 18, 2005, after an initial screening of the complaint, the

1

magistrate judge issued an order directing plaintiff to file an amended complaint, as his original complaint did not specify any conduct of the named defendants.

On December 5, 2005, plaintiff filed an amended complaint. The magistrate judge then screened the amended pleading purusant to 28 U.S.C. § 1915(e)(2)(B).

Now before the court is Magistrate Judge Blewitt's December 15, 2005 eleven-page report and recommendation, which recommends dismissing defendant York City Police Department from the case.

Plaintiff has not filed an objection to the report and recommendation. For the following reasons we will adopt the magistrate judge's report and recommendation.

**DISCUSSION:**

### I.  RELEVANT LEGAL STANDARD

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### II.  YORK CITY POLICE DEPARTMENT WILL BE DISMISSED

Plaintiff has not filed objections to the arguments raised in the magistrate judge's report and recommendation. After reviewing the record we agree with the

learned magistrate judge that the York City Police Department should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

We concur with the magistrate judge's reasoning that absent from the complaint are allegations establishing municipal liability against the York City Police Department. Stuckey has failed to allege any policy, regulation, or custom of the City that led to a violation of his civil rights. Stuckey's allegations cannot establish Monell liability against the York City Police Department. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Stuckey has already been provided an opportunity to file an amended complaint and therefore, we agree with the reasoning set forth in the magistrate judge's report and recommendation, (Rec. Doc. No. 8, at 6-8), and find that the complaint should be dismissed as against the York City Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B). We add that the York City Police Department is not a separate sueable entity. We have construed the complaint as one making a claim against the City of York.

We also agree with the magistrate judge's reasoning to construe the complaint as excessive force claims under the Fourth Amendment, rather than the Eighth Amendment standard stated in the amended complaint.

Finally, plaintiff's request for $200 million in damages violates Local Rule 8.1. Because plaintiff seeks unliquidated damages, under the local rule he is not

permitted to claim a specific sum of relief and should have instead requested money damages generally.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is adopted in full. (Rec. Doc. No. 8.)

2. The complaint is dismissed as against the York City Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Plaintiff's reference to the specific amount of $200 million in damages is stricken from the complaint.

4. The case is returned to the magistrate judge for further proceedings.

               s/ James F. McClure, Jr.
               James F. McClure, Jr.
               United States District Judge